**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| CLIFFORD A. HARRIS, | : | |
| Plaintiff, | : | Civil No. 09-3707 (FLW) |
| v. | : | |
| ASSISTANT PROSECUTOR ANNE R. RUBIN, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

Clifford A. Harris, Pro Se
295159/807250B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**WOLFSON, District Judge**

Plaintiff, Clifford A. Harris, currently confined at the East Jersey State Prison, Rahway, New Jersey, has submitted this civil complaint, which alleges violations of his constitutional rights and seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). For the following reasons, the complaint will be dismissed, with prejudice.[1]

## BACKGROUND

Plaintiff's complaint (docket entry 7), names as defendants Ann Rubin, an Assistant Prosecutor in Union County, New Jersey; and "Bail Bond."

Although unclear, it seems that Plaintiff's allegations concern his arrest(s). He states: "I am being held at EJSP Rahway, NJ. State Police of NJ tested bullet casings and those prints found on them w[ere] not mine." (Complt., ¶ 6). He notes that from 1993 to 1996, no arrest warrant was issued for him. He alludes to a mix up with a person who used his name, stating: "I was arrested when I turn[ed] in myself to the Bronx Police Department on 10-31-1995 for a New York Charge. What the assistant had done was used the arrest of the person who used my name arrest through the appeals courts in NJ. The fingerprint # FBI # that is on the face sheet is not mine." (Complt., ¶ 6).

---

[1] Plaintiff's case, originally filed in 2009, was closed in August of 2009 for failure to file a proper complaint or an application to proceed in forma pauperis ("IFP"). Plaintiff filed certain papers and a motion to dismiss the indictment. On March 9, 2011, the case was reopened to consider the papers and motion, and was reclosed. Plaintiff was permitted to file a new complaint and IFP application, which he has since submitted. The complaint, filed on April 14, 2011, is the complaint being screened by this Court.

As to the "Bail Bond" defendant, Plaintiff asserts that "they take me from the Bronx court for bail money that was posted for a person that stole my name and ID in a 1990's shooting of bail . . . ." (Complt., ¶ 4c).

As to relief, Plaintiff states that there is an illegal indictment against him, which he asks this Court to dismiss. He asks to be returned "to Edison Twp NJ for the now pending detainer against me that was from 2-7-1995, and send me back to my place of birth the United States Virgin Islands . . . ." (Complt., ¶ 7).

Plaintiff has also filed an application for counsel (docket entry 14). Attached to his exhibits to the application is a letter from the Assistant Ombudsman from the State of New Jersey, dated September 15, 2011, that shows that the Edison detainer was cleared from his record.

## DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim

3

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff is a prisoner and is proceeding as an indigent.

    Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

5

> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Claims Must Be Dismissed.**

   **1.    Prosecutorial Immunity**

Plaintiff's claims against the state prosecutor, defendant Rubin, must be dismissed because this defendant is absolutely immune from liability.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  See Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in

6

preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See, e.g., Kalina v. Fletcher, 522 U.S. 118 (1997) (stating prosecutor testifying as complaining witness rather than state's prosecutorial advocate is protected only by qualified immunity for attesting to truth of facts found in certification in support of arrest warrant); Burns, 500 U.S. at 492-96 (provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 509 U.S. at 276-78 (prosecutor not acting as advocate, and not entitled to absolute immunity, when holding press conference or fabricating evidence).

Plaintiff's allegations concerning the indictment against him and his arrest, which he asserts against defendant Rubin, fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution. There is no allegation that defendant Rubin acted outside the scope of her prosecutorial role in the criminal proceedings against Plaintiff, or of wrongdoing or prosecutorial misconduct. Therefore, the claims against defendant Rubin must be dismissed for failure to state a claim and because she is entitled to absolute immunity.

7

**2.  Claims as to Plaintiff's State Court Convictions Are Barred**.

Plaintiff appears to challenge his state court criminal indictment and/or convictions.

First, it is unclear whether Plaintiff's state court action has been concluded or is still pending.  To the extent that the state court action was concluded and Plaintiff is dissatisfied with the outcome, his recourse is to directly appeal in state court, and then, if he has constitutional challenges to his conviction, file a habeas petition in this Court, pursuant to 28 U.S.C. § 2254.

The exclusive federal remedy for an inmate challenging the fact or duration of confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500; see Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).  Plaintiff cannot challenge his state court criminal conviction in this § 1983 action.

Further, if Plaintiff's state court action is still pending, this Court must abstain from exercising jurisdiction under the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37

(1971). Younger abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention is appropriate where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. See id. at 432. Federal courts should abstain when federal adjudication would disrupt an ongoing state criminal or civil proceeding. See Moore v. Sims, 442 U.S. 415, 423 (1979); Younger, 401 U.S. at 43-54.

The Court will abstain from exercising jurisdiction here under the Younger abstention doctrine, as Plaintiff's New Jersey state court action (1) appears to be ongoing, (2) implicates important state interests, and (3) presents an adequate opportunity to raise federal claims therein. See Middlesex County Ethics Comm., 457 U.S. at 435; Younger, 401 U.S. at 43-54.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2).

                                                  s/Freda L. Wolfson
                                                  FREDA L. WOLFSON
                                                  United States District Judge

Dated: October 18, 2011