**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
CLIFFORD A HARRIS,            :
                              :    Civil Action No.
            Plaintiff,        :    09-3707 (FLW)
                              :
       v.                     :    **MEMORANDUM OPINION**
                              :    **AND ORDER**
ASSISTANT PROSECUTOR          :
ANNE R. RUBIN et al.,         :
                              :
            Defendant.        :
_____:

IT APPEARING THAT:

1.  On July 27, 2009, Plaintiff submitted a certain statement that failed to indicate what relief Plaintiff was seeking and what was the nature of his claims. See Docket Entry No. 1. That submission arrived without Plaintiff's filing fee and without his application to proceed in forma pauperis.

2.  Therefore, on August 12, 2009, this Court directed the Clerk to terminate this matter, subject to reopening upon Plaintiff's filing of a proper complaint. The Court also directed the Clerk to serve Plaintiff with a civil complaint form and a blank in forma pauperis application to facilitate Plaintiff's efforts to that effect. See Docket Entry No. 2.

3.  On August 25, 2009, Plaintiff submitted a set of papers with no explanation of what they were, and no signature by Plaintiff. See Docket Entry No. 3. On December 28, 2009,

      Plaintiff submitted a letter equally silent as to the nature of his claims. See Docket Entry No. 4. Plaintiff did not submit either a civil complaint or an in forma pauperis application. Therefore, this case was not reopened.

4. On July 26, 2010, almost a year after his case was closed, Plaintiff filed a "motion to dismiss the indictment." See Docket Entry No. 5. That motion was directed to the Superior Court of New Jersey. See id.

5. Therefore, the Court denied Plaintiff's motion, with an explanation that Plaintiff could still file a civil complaint, if he so desired. See Docket Entry No. 6.

6. In response, Plaintiff filed a number of motions, which indicated Plaintiff's interest in commencement of a habeas action. See Docket Entries Nos. 9-13.

7. Correspondingly, the Court issued an opinion and order detailing to Plaintiff the differences between habeas and civil proceedings, sorting out Plaintiff's challenges that presented civil claims, dismissing these allegations for failure to state a claim upon which relief can be granted, and dismissing Plaintiff's habeas allegations without prejudice to Plaintiff's filing of a proper habeas petition. See Docket Entries Nos. 15 and 16.

8. In response, Plaintiff executed four filings, the gist of which indicated, once again, his interest in having his

habeas claims adjudicated.  See Docket Entries Nos. 17-20.

9. For the reasons already detailed to Plaintiff by this Court, Plaintiff's habeas challenges cannot be adjudicated in the instant matter that was dedicated to Plaintiff's civil claims: such habeas challenges must be raised by means of a habeas petition and accompanied by the applicable filing fee of $5.00.

10. Notably, at the time of his commencement of this matter, Plaintiff instituted another, virtually identical, civil action in this District, where Plaintiff made analogous submissions.  See Harris v. Rubin, Civil Action No. 09-4368 (SDW) (D.N.J.) ("Harris-SDW").  In that action, Plaintiff submitted a document purporting to operate as a civil complaint but evincing Plaintiff's interest in litigating habeas challenges.  See id., Docket Entry No. 1.  As this Court, Judge Susan D. Wigenton ("Judge Wigenton"), presiding over Plaintiff's Harris-SDW action, explained to Plaintiff the differences between habeas and civil claims and advised Plaintiff that, in the event Plaintiff desired to raise habeas challenges, he had to raise them by means of a habeas petition filed in a separate matter.  See id., Docket Entry No. 6.  In response to Judge Wigenton's clarifications, Plaintiff filed – in his Harris-SDW action – his habeas petition; he also submitted his filing fee of $5.00.  See

     id., Docket Entry No. 7.  Plaintiff's habeas petition, submitted against Judge Wigenton's guidance in Plaintiff's Harris-SDW civil matter, is currently pending before Judge Wigenton and, subject to Judge Wigenton's discretion, might be qualified as a document warranting commencement of a new habeas matter, where Plaintiff would be qualified as a habeas petitioner.[1]

11. In light of Plaintiff's filing of a habeas petition in the Harris-SDW matter, this Court's directive to the Clerk to commence a new habeas matter for Plaintiff would necessarily be superfluous: if appropriate, such directive would be made by Judge Wigenton, and this Court stresses that it expresses no opinion as to that issue.

12. Since Plaintiff already presented all his challenges currently raised in the instant matter by means of Docket Entries Nos. 17-20 to Judge Wigenton, Plaintiff's applications to that effect are subject to dismissal, as duplicative, and do not require this Court to reach the merits of these applications.

---

[1] The Court detected a prior habeas action by Plaintiff (the inmate having prison number 295159), which might have or might not have been instituted by Plaintiff with regard to the very same conviction and/or sentence he wishes to challenge now. See Harris v. Rubin, Civil Actions Nos. 06-4276 (JAG).  Plaintiff's prior § 2254 application in that matter was denied, and his appeal was dismissed. See id. Docket Entries Nos. 23 and 30.

IT IS, therefore, on this  28th  day of  March  , 2012,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's submissions docketed as Docket Entries Nos. 17-20, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's submissions, Docket Entries No. 17-20, are dismissed as duplicative to those filed in Harris v. Rubin, Civil Action No. 09-4368 (SDW) (D.N.J.), and duly pending before Judge Susan D. Wigenton; and it is further

ORDERED that the Clerk shall close this action by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

ORDERED that, short of Plaintiff's notice of appeal, if such appeal is desired, Plaintiff shall make no further filings in the instant matter; and it is finally

ORDERED that the Clerk serve this Memorandum Opinion and Order upon Plaintiff by means of certified mail, return receipt requested.

s/Freda L. Wolfson  
**Freda L. Wolfson,**  
**United States District Judge**